UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| NANCY GAIL JAMES | CIVIL ACTION  06-168 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| MASSACHUSETTS BAY INSURANCE COMPANY | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

**Ruling on Motion to Remand**

Before the court is plaintiff's motion to remand, **Doc. #10**, referred to me by the district judge for decision.

This is a suit for property damages under a policy of homeowners insurance.  Suit was filed in state court and removed by the defendant to this court based on diversity jurisdiction. Defendant stated, in its amended notice of removal, that  the amount in controversy exceeds $75,000.00 including penalties and attorneys  fees, exclusive of interest and costs.

Plaintiff moves to remand asserting that defendant knew before suit was filed that the amount in dispute under the policy was less than $75,000 and thereafter paid a portion of that amount, further reducing the amount in dispute. Further plaintiff asserts that defendant has not supported federal jurisdiction.

Defendant argues that the petition makes clear that plaintiff is seeking more than $75,000. It suggests that is so because the petition states that the damages are "substantial" and were caused by a leak in an upstairs bathroom which rendered the home uninhabitable for some

1

unspecified period of time.

## Analysis

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893. In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47

2

F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra. See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages. The petition asserts only that plaintiff seeks repair costs for the home, the value of belongings and a sum for loss of use of the home.

It is not facially apparent that the damages exceed the jurisdictional limit. Rather, the claims made in this case are similar to those made "with little specificity" in Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Compare Luckett supra, and Gebbia, supra. Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000. This, defendant has failed to do.

For these reasons, plaintiff's Motion to Remand, Doc. 10, is GRANTED. This case is remanded to the Tenth Judicial District Court, Natchitoches Parish, Louisiana. However, this Remand Order is STAYED for a period of ten (10) days in order that the parties may appeal to the district judge if they wish to do so. In the event of an appeal, the Stay shall remain in effect pending further orders of the district judge.

Alexandria, Louisiana, May 22, 2006.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE